UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

ESTATE OF RYAN RODRIGUEZ,           )
JOE RODRIGUEZ AND CAROL RODRIGUEZ,  )
CO-ADMINISTRATORS,                  )
                                    )
        PLAINTIFFS,                 )
                                    )
    v.                              )   Civil No. 2:06-CV-125
                                    )
JAY SIMON, KATHLEEN LANMAN,         )
CORRECTIONAL MEDICAL SERVICE, INC., )
EDWARD DIONNE, and                  )
VERMONT DEPARTMENT OF CORRECTIONS,  )
                                    )
        DEFENDANTS.                 )

### DEFENDANT JAY SIMONS' ANSWER TO THE AMENDED COMPLAINT

NOW COMES Defendant Jay Simons, by and through his undersigned attorney, Vermont Attorney General, William H. Sorrell, and hereby submits his Answer to the Amended Complaint as follows:

**Jurisdiction and Venue**

1. Defendant admits the allegations set forth in paragraph 1 of the Amended Complaint.

2. The allegations set forth in paragraph 2 of the Amended Complaint call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

**Parties**

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

4. Defendant admits the allegations set forth in paragraph 4 of the Amended Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6. The allegations set forth in paragraph 7 of the Amended Complaint call for legal conclusions; therefore no response is required and none is made. To the extent an answer is deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7. The allegations set forth in paragraph 7 of the Amended Complaint call for legal conclusions; therefore no response is required and none is made. To the extent an answer is deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8. Defendant admits the allegations set forth in paragraph 8.

9. Defendant admits the allegations set forth in paragraph 9.

10. Defendant admits the allegations set forth in paragraph 10.

11. The allegations set forth in paragraph 11 of the Amended Complaint call for legal conclusions; therefore no response is required and none is made. To the extent an answer is deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. Defendant admits the allegations set forth in paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of the Amended Complaint.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

## Factual Allegations

### Chittenden Regional Correctional Facility – Sept. 11 to 23, 2003

14. Defendant admits the allegations set forth in paragraph 14 of the Amended Complaint.

15. Defendant admits the allegations set forth in paragraph 15 of the Amended Complaint.

16. Defendant admits the allegations set forth in paragraph 16 of the Amended Complaint.

17. Based upon reasonable investigation and current belief, Defendant admits the allegations set forth in paragraph 17 of the Amended Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint.

19. Defendant admits the allegations set forth in paragraph 19 of the Amended Complaint.

20. Defendant admits the allegations set forth in paragraph 20 of the Amended Complaint.

21. Defendant admits the allegations set forth in paragraph 21 of the Amended Complaint.

22. Defendant denies the allegation set forth in paragraph 22 that the CMS Mental Health Screening and Assessment Form indicates that Ryan Rodriguez stated yes in response to question 1, but admits the remaining allegations set forth in paragraph 22 of the Amended Complaint.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

23. Based upon reasonable investigation and current belief, Defendant admits that no mental health referral form has been located, but denies knowledge or information sufficient to form a belief that a mental health clinician did not follow up with Mr. Rodriguez, as alleged in paragraph 23 of the Amended Complaint.

24. Defendant admits the allegations set forth in paragraph 24 of the Amended Complaint.

### Northern State Correctional Facility – Sept. 22 to Dec. 1, 2003

25. Defendant admits the allegations set forth in paragraph 25 of the Amended Complaint.

26. Defendant admits the allegations set forth in paragraph 26 of the Amended Complaint.

27. Defendant admits the allegations set forth in paragraph 27 of the Amended Complaint.

28. Defendant admits the allegations set forth in paragraph 28 of the Amended Complaint that Defendant Carbonneau placed Mr. Rodriguez on 15 minute checks, but denies knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Carbonneau did not notify a mental health professional or a casework supervisor.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint.

30. Defendant admits the allegations set forth in paragraph 30 of the Amended Complaint.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

### Chittenden Regional Correctional Facility – Dec. 1 to 4, 2003

31. Based upon reasonable investigation and current belief, Defendant admits that it has not located a Health Reception Form, but denies knowledge or information sufficient to form a belief as to the existence of the document.

32. Defendant admits the allegations set forth in paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the Amended Complaint.

35. Based upon reasonable investigation and current belief, Defendant admits the allegations set forth in paragraph 35 of the Amended Complaint, but states that Officer Rutherford was not required to place Mr. Rodriguez on 15 minute checks or notify anyone.

36. Defendant admits the allegation set forth in paragraph 36 of the Amended Complaint, except to state that the date of last assessment is illegible.

### Northern State Correctional Facility – Dec. 4, 2003 to Apr. 8, 2004

37. Defendant admits the allegations set forth in paragraph 37 of the Amended Complaint.

38. Defendant admits that Officer Cote completed an Initial Needs Survey on December 4, 2003, but denies the allegations set forth in paragraph 38 of the Amended Complaint that Mr. Rodriguez answered "no" to question 11.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that any meeting occurred on December 22, 2003, but admits the remaining allegations set forth in paragraph 39 of the Amended Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that the form was submitted on January 7, 2004, but admits the remaining allegations set forth in paragraph 40 of the Amended Complaint.

41. Defendant admits the allegations set forth in paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of the Amended Complaint.

**Chittenden Regional Correctional Facility – Apr. 8 to Oct. 19, 2004**

43. Based upon reasonable investigation and current belief, Defendant admits the allegations set forth in paragraph 43 of the Amended Complaint, but denies that such a form should have been created.

44. Based upon reasonable investigation and current belief, Defendant admits the allegations set forth in paragraph 44 of the Amended Complaint, but denies that such a form should have been created.

45. Based upon reasonable investigation and current belief, Defendant admits the allegations set forth in paragraph 45 of the Amended Complaint, but denies that such a form should have been created.

46. Based upon reasonable investigation and current belief, Defendant admits the allegations set forth in paragraph 46 of the Amended Complaint, but denies that such a form should have been created.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

47. Defendant denies the allegations set forth in paragraph 47 of the Amended Complaint.

48. Defendant denies that Mr. Rodriguez was on administrative segregation status but admits the remaining allegations set forth in paragraph 48 of the Amended Complaint.

49. Defendant admits the allegations set forth in paragraph 49 of the Amended Complaint.

50. Defendant admits that he knew that Mr. Rodriguez was placed in the Foxtrot Unit, but denies the remaining allegations set forth in paragraph 50 of the Amended Complaint.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint.

52. Based upon reasonable investigation and current belief, Defendant admits that no such form has been located, but denies knowledge or information sufficient to form a belief as to the existence of the document identified in paragraph 52 of the Amended Complaint.

53. Defendant admits the allegations set forth in paragraph 53 of the Amended Complaint.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55. Defendant admits the allegations set forth in paragraph 55 of the Amended Complaint.

56. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint.

57. Defendant admits the allegations set forth in paragraph 57 of the Amended Complaint.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

58. Based upon reasonable investigation and current belief, Defendant the allegations set forth in paragraph 58 of the Amended Complaint.

59. Defendant admits the allegations set forth in paragraph 59 of the Amended Complaint.

60. Based upon reasonable investigation and current belief, Defendant admits that it has not located such a note but denies knowledge or information sufficient to form a belief as to the existence of the notation identified in paragraph 60 of the Amended Complaint.

61. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Amended Complaint.

62. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Amended Complaint.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Amended Complaint.

64. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Amended Complaint.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Amended Complaint.

66. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Amended Complaint.

67. Based upon reasonable investigation and current belief, Defendant admits the allegations set forth in paragraph 67 of the Amended Complaint.

68. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Amended Complaint.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

69. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint.

70. Defendant admits the allegations set forth in paragraph 70 of the Amended Complaint.

71. Based upon reasonable investigation and current belief, Defendant admits the allegations set forth in paragraph 71.

**Violations of DOC Protocols**

72. Defendant denies the allegations set forth in paragraph 72 of the Amended Complaint.

73. Defendant denies the allegations set forth in paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations set forth in paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations set forth in paragraph 75 of the Amended Complaint.

76. Defendant denies the allegations set forth in paragraph 76 of the Amended Complaint.

77. Based upon reasonable investigation and current belief, Defendant admits that he presently cannot locate such a form, but denies knowledge or information sufficient to form a belief as to whether such a form exists. To the extent the form does not exist, Defendant admits that this failure would violate DOC protocols as alleged in paragraph 77 of the Amended Complaint.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

78. Based upon reasonable investigation and current belief, Defendant admits that he presently cannot locate such a form, but denies knowledge or information sufficient to form a belief as to whether such a form exists and whether a referral was made. To the extent the form does not exist, Defendant admits that this failure would violate DOC protocols as alleged in paragraph 78 of the Amended Complaint.

79. Defendant denies the allegations set forth in paragraph 79 of the Amended Complaint.

80. Based upon reasonable investigation and current belief, Defendant admits that it presently cannot locate such a form, but denies knowledge or information sufficient to form a belief as to whether such a form exists and whether a referral was made. To the extent the form does not exist, Defendant admits that this failure would violate DOC protocols as alleged in paragraph 80 of the Amended Complaint.

81. Defendant denies the allegations set forth in paragraph 81 of the Amended Complaint, except to admit that Officer Rutherford did not place Mr. Rodriguez on 15 minute checks, or notify a supervisor or qualified mental health professional. Defendant further states that Officer Rutherford was not required to do so.

82. Defendant admits that Mr. Rodriguez was transferred to CRCF on or around December 1, 2003. Based upon reasonable investigation and current belief, Defendant admits that it presently cannot locate a Health Services Reception form dated December 1, 2003, but denies knowledge or information sufficient to form a belief as to whether such a form exists. To the extent the form does not exist, Defendant admits that this failure would violate DOC protocols, as alleged in paragraph 82 of the Amended Complaint.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

83. Defendant denies the allegations set forth in paragraph 83 of the Amended Complaint.

84. Based upon reasonable investigation and current belief, Defendant admits that it presently cannot locate a documents indicating that an assessment occurred, but denies knowledge or information sufficient to form a belief as to whether such a form exists and denies that such an assessment did not occur. To the extent the form does not exist, Defendant denies that this failure would violate DOC protocols as alleged in paragraph 84.

85. Based upon reasonable investigation and current belief, Defendant admits that it has not located an initial needs survey dated August 23, 2004, but denies knowledge or information sufficient to form a belief as the existence of such a document or whether such an assessment occurred. To the extent a form does not exist, Defendant admits this would violate DOC protocols, as alleged in paragraph 85 of the Amended Complaint.

86. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Amended Complaint.

87. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Amended Complaint.

88. The allegation set forth in paragraph 88 calls for legal conclusions; therefore no answer is required and none is made. To the extent an answer is deemed required, Defendant denies the allegations set forth in paragraph 88 of the Amended Complaint.

89. The allegation set forth in paragraph 88 of the Amended Complaint calls for legal conclusions; therefore no answer is required and none is made. To the extent an answer is deemed required, Defendant denies the allegations set forth in paragraph 89 of the Amended Complaint.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

90. Defendant admits the allegation set forth in paragraph 90 of the Amended Complaint that he knew Mr. Rodriguez had been assessed as a suicide risk at a point during his incarceration, but denies that he knew Mr. Rodriguez was suicidal in the weeks and months prior to his death.

91. Defendant denies the allegations set forth in paragraph 91.

92. Defendant denies the allegations set forth in paragraph 92.

93. Defendant denies the allegations set forth in paragraph 93.

94. Defendant denies the allegations set forth in paragraph 94, except to admit that he knew Mr. Rodriguez was assigned to the Foxtrot Unit.

95. Defendant admits the allegations set forth in paragraph 95 of the Amended Complaint.

96. Defendant denies the allegations set forth in paragraph 96 of the Amended Complaint.

97. The allegations set forth in paragraph 97 of the Amended Complaint call for a legal conclusion; therefore, no response is required and none is made. To the extent that an answer is deemed required, Defendant denies the allegations set forth in paragraph 97 of the Amended Complaint.

98. The allegations set forth in paragraph 98 of the Amended Complaint call for a legal conclusion; therefore, no response is required and none is made. To the extent that an answer is deemed required, Defendant denies the allegations set forth in paragraph 98 of the Amended Complaint.

99. The allegations set forth in paragraph 99 of the Amended Complaint call for a legal conclusion; therefore, no response is required and none is made. To the extent that an

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

answer is deemed required, Defendant denies the allegations set forth in paragraph 99 of the Amended Complaint.

100. The allegations set forth in paragraph 100 of the Amended Complaint call for a legal conclusion; therefore, no response is required and none is made. To the extent that an answer is deemed required, Defendant denies the allegations set forth in paragraph 100 of the Amended Complaint.

101. Defendant denies the allegations set forth in paragraph 101 of the Amended Complaint.

102. Defendant denies the allegations set forth in paragraph 102 of the Amended Complaint.

## CAUSES OF ACTION

### Count 1 – 42 U.S.C. § 1983, Eighth and Fourteenth Amendments

103. Defendant repeats and realleges his answers to paragraphs 1 through 102 of the Amended Complaint.

104. Defendant denies the allegations set forth in paragraph 104 of the Amended Complaint.

105. Defendant denies the allegations set forth in paragraph 105 of the Amended Complaint.

### Count 2- Outrageous Conduct

106. Defendant repeats and realleges his answers to paragraphs 1 through 105 of the Amended Complaint.

107. Defendant denies the allegations set forth in paragraph 107 of the Amended Complaint.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

### Count 3 – Medical Malpractice – 12 V.S.A. § 1908

108.    Defendant repeats and realleges his answers to paragraphs 1 through 107 of the Amended Complaint.

109.    Defendant denies the allegations set forth in paragraph 109 of the Amended Complaint.

110.    Defendant denies the allegations set forth in paragraph 110 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

1.  The Complaint fails to state a claim upon which relief can be granted.

2.  The claims are barred and/or damages are limited by qualified immunity.

3.  Ryan Rodriguez's death was caused by the actions or inactions of a third person or persons over whom this Defendant exercised no control.

4.  Defendant is not a medical practitioner with a duty to provide medical care in accordance with the prevailing standard of care.

5.  Plaintiff's state law claims are barred by 12 V.S.A. § 5602 to the extent they seek to impose liability against Defendant in his individual capacity for negligence.

6.  The claims are barred by res judicata and/or collateral estoppel.

7.  The claims are barred by the statute of limitations and/or laches.

8.  The claims are barred or limited by the doctrines of comparative negligence and assumption of the risk.

9.  To the extent Defendant is sued in his official capacity, the claim fails to state a claim under 42 U.S.C. § 1983.

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

10. To the extent the Defendant is sued in his official capacity, the claims are barred by Eleventh Amendment sovereign immunity.

**WHEREFORE,** Defendant respectfully requests that the Court grant judgment in his favor dismissing Plaintiffs' Amended Complaint, together with such other and further relief as the Court deems just and proper.

Defendant hereby demands a trial by jury.

DATED at Montpelier, Vermont this 11th day of September 2007.

WILLIAM H. SORRELL
ATTORNEY GENERAL, STATE OF VERMONT
Attorney for Defendant
Jay Simons

By: _____
Kate G. Duffy
Assistant Attorney General
109 State Street
Montpelier, Vermont 05495
(802) 828-1104

Office of the
ATTORNEY
GENERAL
109 State Street
Montpelier, VT
05609

15